E-FILED
Thursday, 22 September, 2005  02:05:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 03-20063-00 |
| JEREMIAH YOUNG, | § | |
| | § | Honorable Michael P. McCuskey |
| Defendant. | § | |

FILED
SEP 22 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## MOTION FOR ORDER DIRECTING DISCHARGED COUNSEL TO RETURN DEFENDANT'S FILES AND RECORDS

COMES NOW, defendant, Jeremiah Young (hereinafter "defendant"), appearing pro se, and respectfully moves this Honorable Court for an order directing discharged counsel, Bradford A. Rau, 227 S. Water Street, Decatur, Illinois 62523, to return to defendant the files and records in their entirety which were generated in and for the above-entitled cause.

Defendant bases the instant motion on the following:

1. Presently before the Court is defendant's pro se section 2255 motion to vacate the sentence he now serves. Therein, it is alleged that Mr. Rau furnished ineffective assistance of counsel following sentence imposition, See § 2255 Motion, at 2-5. Also indicated in the section 2255 motion is defendant's intent on raising additional claims for collateral review. See id., at 2-3 n. 1.

2. Mr. Rau represented defendant during the original proceedings; he therefore currently possesses the files and records

generated during the proceedings.  He no longer has use for the same inasmuch as defendant's conviction has become final.

3.  Defendant, on the other hand, is in great need of the files and records.  He has only a marginal portion of the record.  Yet with the pendency of his pro se section 2255 motion, combined with the necessity to properly prepare remaining collateral claims, defendant finds himself in dire need of the files Rau possesses for no apparent reason.

4.  Granting this motion would serve interests in fairness.  Undoubtedly the government will oppose each and every claim defendant intends on raising.  In doing so, the government will reference aspects of the record.  Meanwhile the Court, when evaluating the claims raised by defendant, will consult the record in measuring merit to the claims being raised.  It would be fundamentally unfair for defendant--who is proceeding pro se-- to be made to go without the record in the instant adversarial proceeding.

Wherefore, defendant asks that this Court grant the instant motion by issuing the aforementioned order.

Dated:  September 20, 2005

Respectfully submitted,

Jeremiah Young
Reg. No. 14083-026
FCI Pekin
Post Office Box 5000
Pekin Illinois 61555-5000

Appearing Pro Se

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2005, I delivered a true and correct copy of the herein and foregoing MOTION FOR ORDER DIRECTING DISCHARGED COUNSEL TO RETURN DEFENDANT'S FILES AND RECORDS upon Bradford A. Rau, Esq., 227 S. Water Street, Decatur, Illinois 62523, by depositing the same in the institution's internal mail system, first class postage fully prepaid.

Jeremiah Young